294 S.E.2d 140

**STATE of West Virginia ex rel. Leon H. GINSBERG, Individually and as Commissioner of The West Virginia Department of Welfare**

**v.**

**The WEST VIRGINIA CIVIL SERVICE COMMISSION, Charles M. Kincaid, Willard H. Erwin, Jr., and Reece Browning, Members of The West Virginia Civil Service Commission, and John J. DelCheccolo.**

**No. 15159.**

Supreme Court of Appeals of West Virginia.

July 2, 1982.

Stephen Lewis, Wayne, for appellant.

Chauncey H. Browning, Jr., Atty. Gen. and Marianne K. Hoover, Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

This action is before this Court upon the petition of John J. DelCheccolo for an appeal from a final order of the Circuit Court of Kanawha County, West Virginia, which prohibited the West Virginia Civil Service Commission (hereinafter "Commission") from taking any further action upon the appellant's appeal arising from his 14½ day suspension from employment with the West Virginia Department of Welfare (hereinafter "Department"). This Court has before it the petition for appeal, all matters of record and the briefs and oral argument of counsel.

The appellant, John J. DelCheccolo, was employed by the Department and as such employee was covered by the West Virginia Civil Service System. The appellant was suspended by the Department for 14½ days for dereliction of duty. The appellant asserts that inasmuch as he had no opportunity prior to the suspension to contest the charges against him, his due process rights were violated.

Asserting a due process violation, the appellant requested an appeal before the Commission. In that proceeding, the appellant sought lost wages, a reinstatement of lost time for seniority purposes, a correction of his employment record and other relief.

The Commission agreed to hear the appellant's due process claim but stated that the Commission would not consider the merits of the suspension. A motion to dismiss the appellant's appeal was filed on behalf of the Department, and that motion was denied by the Commission.

The appellee, Commissioner of the Department of Welfare, then filed a petition in the Circuit Court of Kanawha County seeking to prohibit the Commission from taking further action upon the appellant's appeal. The petition asserted that, because DelCheccolo had not been suspended for more than thirty days, the Commission had no jurisdiction or authority to entertain the appeal. The circuit court agreed and this appeal resulted.

The question before this Court is whether the Commission has jurisdiction to entertain an appeal when a suspension is for a period of thirty days or less.

Appellant asserts that this Court's finding of a denial of due process in *Waite v. Civil Service Commission*, 161 W.Va. 154, 241 S.E.2d 164 (1977) should be read in conjunction with *W.Va.Code*, 29-6-15 [1977],[1] and *W.Va.Code*, 29-6-10(11) [1977][2] to imply jurisdiction to the Civil Service Commission to hear his appeal.

In responding to appellant's argument an examination must be made of this Court's holding in *Waite v. Civil Service Commission, supra*. In upholding the constitutionality of *W.Va.Code*, 29-6-13 [1961],[3] the Court held that a classified civil service employee was not entitled to an appeal to the Civil Service Commission for a suspension of thirty days or less. However, in the analysis of that case this Court also concluded that because a covered employee, who is suspended for thirty days or less, suffers tangible economic loss when suspended without pay, he has a "property interest in continued uninterrupted employment." 241 S.E.2d at 169. Thus, the "suspension must be accomplished under appro-

---

1. *W.Va.Code*, 29-6-15 [1977] reads, in part: "Any employee in the classified service who is dismissed or demoted after completing his probationary period of service or who is suspended for more than thirty days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the commission for review thereof."

2. *W.Va.Code*, 29-6-10(11) [1977] reads, in part:
    The commission shall have authority to promulgate, amend or repeal rules ... to implement the provisions of this article.
    . . . .

(11) For discharge or reduction in rank or grade only for cause of employees in the classified service. Discharge or reduction of these employees shall take place only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction stated in writing, and has been allowed a reasonable time to reply thereto in writing, or upon request to appear personally and reply to the appointing authority or his deputy.

3. *W.Va.Code*, 29-6-13 [1961] is presently codified as *W.Va.Code*, 29-6-15 [1977].

priate due process procedures." 241 S.E.2d at 169.

■ Furthermore, this Court found that "no substantial burden ... will be placed upon the [employing] State agency by requiring such a procedure." 161 W.Va. at 165, 241 S.E.2d at 170. It is, thus, not the Commission's responsibility to provide procedures to protect a covered employee's due process rights in those instances in which a suspension is for thirty days or less, but rather the individual State agency by whom the employee was employed.

We find that *Waite v. Civil Service Commission, supra,* is controlling in response to appellant's argument. That case clearly held that a classified civil service employee, who is suspended for thirty days or less is not entitled to an appeal to the Commission. In the case now before the Court the Department is required not only to give DelCheccolo notice of "the charges against [him], but also an opportunity to present [his] side of the story...." 241 S.E.2d at 170. Although the appeal before the Commission cannot be pursued, the appellant is not without a remedy. If the Department does not afford appellant the rights as set forth in *Waite,* he may proceed to the circuit court to have his rights enforced.

■ Therefore, for the reasons stated above, this Court holds that a classified civil service employee who is suspended from his employment for thirty days or less is not entitled to an appeal to the West Virginia Civil Service Commission. *W.Va. Code,* 29–6–15 [1977].[4]

Affirmed.

---

**4.** Appellant notes in his brief that Commission Rule 14.06(a), which was effective December 1, 1981, allows a covered employee who was suspended for thirty days or less to raise the issue of denial of due process as an appeal to the Commission. He concedes that all of the events that gave rise to this appeal preceded the effective date of the rule but he implies the rule should be applied in the present action. However, appellant cites no authority upon which he bases this assertion, nor does he elaborate on it in his brief. This Court finds his argument to be without merit.